UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVERGREEN MEDIA HOLDINGS, LLC and TONY DEROSA-GRUND,

    Plaintiffs,

v.                                Case No: 2:14-cv-499-FtM-29DNF

PAUL ROCK PRODUCED, LLC and PAULE ROCKFERRY,

    Defendants.

_____

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on August 27, 2014.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶ 13.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Although plaintiffs do not specifically allege that the amount in controversy exceeds $75,000, the Court is satisfied that plaintiffs can show the amount in controversy is

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

met because the allegations reference $109,140.00 for unpaid writing services rendered. (Doc. #1, ¶ 20.)

Plaintiff Evergreen Media Holdings, LLC is a Texas limited liability company and defendant Paul Rock Produced, LLC is a Florida limited liability company. (Doc. #1, ¶¶ 8-9.) Paul Rock is identified as a managing member of Paul Rock Produced, LLC, however it is not clear that he is the only member. (Id., ¶¶ 10, 14.) A limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Plaintiffs do not identify the individual members of each limited liability company, or their citizenships, therefore the Court cannot determine if diversity of jurisdiction is present.

Plaintiffs allege that plaintiff Tony DeRosa-Grund is a "resident" of Texas and defendant Paule Rockferry is a "resident" of Florida. (Doc. #1, ¶¶ 7, 10.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A

2

person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiffs have failed to properly allege the citizenship of the individually named parties. Therefore, no diversity of jurisdiction is alleged.

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of September, 2014.

_John E Steele_
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

3