UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVERGREEN   MEDIA   HOLDINGS,
LLC and TONY DEROSA-GRUND,

      Plaintiffs,

v.                         Case No: 2:14-cv-499-FtM-29DNF

PAUL ROCK PRODUCED, LLC and
PAULE ROCKFERRY,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Amended Complaint for Improper Venue or to Abate Pursuant to First-Filed Doctrine (Doc. #20) filed on December 22, 2014. Plaintiffs filed a Response (Doc. #21) on December 31, 2014. For the reasons set forth below, the motion is denied.

**I.**

Plaintiffs Evergreen Media Holdings, LLC (Evergreen) and Tony Derosa-Grund (Derosa-Grund) have filed a four-count First Amended Complaint (Doc. #3) against Defendants Paul Rock Produced, LLC (PRP LLC) and Paule Rockferry (Rockferry) alleging breach of contract and other related causes of action stemming from an agreement to write and produce a motion picture. The basic underlying facts, as set forth in the First Amended Complaint, are as follows:

In November 2013, Plaintiffs entered into an agreement with Defendants, pursuant to which Defendants acquired an option on the rights to "The Demonologist," a motion picture project created by Plaintiffs. (Id. at ¶ 20.) The agreement provided that Plaintiffs would produce the motion picture and provide writing services. Plaintiffs were to be compensated for the writing services at the standard rate provided by the Writer's Guild of America. (Id. at ¶ 21.) Plaintiffs performed the writing services as required, but Defendants refused to make full payment. (Id. at ¶¶ 22-23.) After Plaintiffs requested the balance owed, Defendants sent emails to third-parties defaming Plaintiffs. (Id.)

Based upon these allegations, Plaintiffs bring causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation/libel per se. Plaintiffs also seek a declaratory judgment that they are owed the balance due for the writing services and that Defendants no longer have any rights to The Demonologist or related projects.

Defendants now move to dismiss the First Amended Complaint, arguing that venue is improper or, in the alternative, that this case should be dismissed and/or abated in favor of an overlapping first-filed case pending in the Central District of California. Plaintiffs respond that venue is proper in the Middle District of Florida and that the California case is not first-filed.

## II.

**A.    Venue**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendants move to dismiss the First Amended Complaint for improper venue.  Under 28 U.S.C. § 1391(b), a civil action may be brought in, *inter alia*, "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  The First Amended Complaint alleges that both Defendants are residents of the State of Florida and both reside within the Middle District of Florida.  (Doc. #3, ¶ 14.)  Defendants concede that they may be Florida residents (Doc. #20, p. 3), and do not contest Plaintiffs' allegation that Rockferry's residence is within this District.  Accordingly, venue is proper in the Middle District of Florida and Defendants' motion to dismiss for improper venue is denied.

**B.    First-Filed Rule**

In the alternative, Defendants move to dismiss or abate this case pursuant to the first-filed rule.  "The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case."  <u>Collegiate Licensing Co. v. Am. Cas. Co. of Reading</u>, 713 F.3d 71, 78 (11th Cir. 2013).  Thus, "[w]here two actions involving overlapping issues and parties are

pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Id. (quoting Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005)). Accordingly, "the party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Manuel, 430 F.3d at 1335.

Here, the parties agree that they are involved in two overlapping actions pending in two federal courts. The first is the instant case (the Florida Action). The second is a case originally filed by Defendants in the Superior Court for the County of Los Angeles in Santa Monica, California (the California Action). Subsequently, the California Action was removed to the U.S. District Court for the Central District of California. Both actions were filed on August 27, 2014. According to the time stamp affixed to the Civil Cover Sheet, the Florida Action was filed at 11:05 AM, Eastern Time. (Doc. #21-21.) There is no documentary evidence demonstrating precisely when the California Action was filed. However, according to the affidavit of Derosa-Grund, the courthouse in Santa Monica does not accept filings prior to 11:30 AM, Eastern Time (8:30 AM, Pacific Time). (Doc. #21-1, ¶ 28.) If Derosa-Grund is correct, then the Florida Action necessarily was filed prior to the California Action.

- 4 -

Defendants have put forth no argument or evidence contradicting Plaintiffs' chronology.   Instead, Defendants rely of the fact that they were not served with the complaint in the Florida Action until after they successfully served Plaintiffs with the complaint in the California Action.   However, a first-filed analysis turns on when the initial complaints were filed, not when the parties were served.   Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998); see also Raimbeault v. Accurate Mach. & Tool, No. 14-CV-20136, 2014 WL 5795187, at *5 (S.D. Fla. Oct. 2, 2014) ("when investigating a first-filed issue, relation back analysis is unnecessary, because the focus is on the original complaint, not any amended complaints") (quoting Time Warner Cable, Inc. v. USA Video Tech. Corp., 520 F. Supp. 2d 579, 585 n.48 (D. Del. 2007)).   Accordingly, accepting the timeline set forth in Derosa-Grund's affidavit, the Court concludes that the Florida Action is first-filed.   See Lab. Corp. of Am. Holdings v. Chiron Corp., 384 F.3d 1326, 1332 (Fed. Cir. 2004) (affirming application of the first-filed rule to complaint filed four hours prior to competing complaint).   Therefore, absent "compelling circumstances," the parties will be required to proceed in this District.

To determine whether compelling circumstances require an exception to the first-filed rule, courts consider the same factors used to evaluate motions to transfer venue pursuant to 28 U.S.C.

§ 1404(a).   <u>Collegiate Licensing</u>, 713 F.3d at 79.   Among those factors are:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances

<u>Manuel</u>, 430 F.3d at 1135 n.1.

Defendants make two arguments in support of their request that this dispute be resolved in California.   First, Defendants state that all of their witnesses are located in California. However, Defendant PRP LLC is a Florida limited liability company, and Defendant Rockferry is a Florida resident.   (Doc. #21-9.) Additionally, Plaintiff Evergreen is a Texas limited liability company and Plaintiff Derosa-Grund is a Texas citizen.   Thus, at the very least, it appears that discovery is likely to take place in California, Florida, and Texas.   Because discovery outside the district is inevitable regardless of the chosen venue, this factor does not warrant an exception to the first-filed rule.

Second, Defendants note that California law governs the contract at issue.   Plaintiffs do not dispute that California law governs, but correctly note that the Court is fully-capable of applying California law.   While a California court may be better-

equipped to do so, that factor alone does not warrant an exception. Accordingly, the Court concludes that Defendants have failed to articulate compelling circumstances requiring an exception to the first-file rule.  Therefore, Defendants' motion to dismiss and/or abate the Florida Action is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motion to Dismiss Amended Complaint for Improper Venue or to Abate Pursuant to First-Filed Doctrine (Doc. #20) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of April, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record